# EXHIBIT 1

1  Andrey R. Yurtsan (SBN: 294760)
   YURTSAN LAW FIRM PC
2  3017 Douglas Blvd Ste 105
   Roseville, CA 95661
3  Telephone:    (916) 500-7246
   Facsimile:    (877) 571-4129
4  Email: ayurtsan@capitolcitylegalgroup.com

5  Attorneys for PLAINTIFF
   JEFFREY L. VARNELL
6

7

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON
**1/17/2024**
By  /s/ Salote Alipate
   Deputy Clerk

8                    **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF SAN MATEO**

10

11  JEFFREY L. VARNELL, an individual,        CASE NO.: **24-CIV-00284**

12              PLAINTIFF,                     **Complaint for Damages and Equitable Relief
                                              for:**
13  vs.
                                                  1. **Fraud**
14                                                2. **Negligent Misrepresentation**
    NEWREZ LLC, a business entity; PHH            3. **Promissory Estoppel**
15  MORTGAGE CORPORATION, a business             4. **Wrongful Foreclosure**
    entity; WELLS FARGO BANK, NATIONAL           5. **Violation of Business and Professions**
16  ASSOCIATION AS TRUSTEE FOR OPTION               **Code Section 17200 et seq.**
    ONE MORTGAGE LOAN TRUST 2006-2,
17  ASSET-BACKED CERTIFICATES, SERIES
    2006-2, BY PHH MORTGAGE               **Demand for Jury Trial**
18  CORPORATION ITS ATTORNEY IN-FACT,
    a business entity; WESTERN
19  PROGRESSIVE, LLC, a business entity; and
    DOES 1-50; inclusive,
20
21              Defendants.

22

23                         <u>**PRELIMINARY STATEMENT**</u>

24  1.      PLAINTIFF, JEFFREY L. VARNELL (hereinafter "PLAINTIFF") is the victim of a

25  fraudulent forbearance and loan modification process that has now left PLAINTIFF facing a

26  wrongful foreclosure. After rejecting PLAINTIFF's offer to reinstate his loan and nearly two (2)

27  years of loan modification review, PLAINTIFF was finally informed that his lender was unable to

28  offer a loan modification due to a prior modification of his loan.

                                              1

                                         **COMPLAINT**

**EXHIBIT 1**
**PAGE 1 OF 17**

2.    The information about the PLAINTIFF's inability to receive a loan modification was known to the loan servicer at the outset of the modification review. However, the loan servicer did not advise the PLAINTIFF; instead, the PLAINTIFF was repeatedly told to apply again. Subsequently, PLAINTIFF was placed in foreclosure after an insurmountable default had been created through this process. Now, the PLAINTIFF faces an imminent foreclosure of his family home.

3.    PLAINTIFF is the rightful owner of the real property commonly known as 3747 Hamilton Way, Emerald Hills, CA 94062 ("Subject Property"). Venue is therefore proper in the County of San Mateo.

## PARTIES

4.    PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein, Defendant NEWREZ LLC ("NEWREZ") is a diversified financial marketing and/or services corporation engaged in residential mortgage banking and loan servicing.  PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein, Defendant NEWREZ regularly conducts business in the State of California.  PLAINTIFF is informed, believes, and thereon alleges that NEWREZ is the current servicer of PLAINTIFF's mortgage.

5.    PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein, Defendant PHH MORTGAGE CORPORATION ("PHH") is a diversified financial marketing and/or services corporation engaged in residential mortgage banking and loan servicing. PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein, Defendant PHH regularly conducts business in the State of California.  PLAINTIFF is informed, believes, and thereon alleges that PHH serviced PLAINTIFF's mortgage together with Defendant NEWREZ who was acting as PHH's agent.

6.    PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein, Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-2, ASSET-BACKED CERTIFICATES, SERIES 2006-2, BY PHH MORTGAGE CORPORATION ITS ATTORNEY IN-FACT ("WELLS FARGO") is a diversified financial marketing and/or services corporation engaged in

2

**COMPLAINT**

EXHIBIT 1
PAGE 2 OF 17

1    residential mortgage banking and loan servicing.  PLAINTIFF is informed, believes, and thereon

2    alleges that at all times mentioned herein, Defendant WELLS FARGO regularly conducts

3    business in the State of California.  PLAINTIFF is informed, believes, and thereon alleges that

4    WELLS FARGO is the current master servicer and/or investor of PLAINTIFF's mortgage.

5    7.    PLAINTIFF is informed, believes, and thereon alleges that at all times mentioned herein,

6    Defendant WESTERN PROGRESSIVE, LLC ("WESTERN PROGRESSIVE") is a services

7    company engaged primarily in providing trustee services to residential mortgage banks and/or

8    related businesses. PLAINTIFF is informed, believes, and thereon alleges that at all times

9    mentioned herein WESTERN PROGRESSIVE regularly conducts business in the State of

10   California.

11   8.    PLAINTIFF is ignorant of the true names and capacities of the Defendants sued herein

12   under the fictitious names Does 1 through 50, inclusive, and PLAINTIFF will amend this

13   Complaint to allege such names and capacities as soon as they are ascertained. Each of said

14   fictitiously named Defendant is responsible in some manner for the wrongful acts complained of

15   herein.

16   9.    PLAINTIFF is informed, believes and thereon alleges that at all times herein mentioned,

17   each of the Defendants was acting as the agent, servant, employee, partner, co-conspirator, and/or

18   joint venturer of each of the remaining Defendants, and was acting in concert with each

19   remaining Defendant in doing the things herein alleged, and, additionally has inherited any

20   violations and/or the liability of their predecessors-in-interest, and has also passed on liability to

21   their successors-in-interest, and at all times was acting within the course and scope of such

22   agency, employment, partnership, and/or concert of action.

23                              **STATEMENT OF FACTS**

24   10.   PLAINTIFF took out the Subject Loan in the amount of $900,000.00 and secured by the

25   Subject Property in 2005 with Option One Mortgage Corporation. Subsequently, Defendants

26   PHH and NEWREZ became the servicers of PLAINTIFF's mortgage while Defendant WELLS

27   FARGO became the master servicer and/or investor. The Deed of Trust contains a provision for

28   attorney's fees.

3

**COMPLAINT**

EXHIBIT 1
PAGE 3 OF 17

11.     From 2005 through 2019 PLAINTIFF made all his monthly mortgage payments on the loan.

12.     In or around March 2020, due to the global COVID-19 pandemic, PLAINTIFF began experiencing financial hardships. PLAINTIFF was self-employed and owned an engineering company. The economic downturn caused a substantial reduction in PLAINTIFF's income, investments, and stocks accounts. As a result of these hardships, PLAINTIFF fell behind on mortgage payments, missing his October 2019 payment.

13.     In or around April 2020, Defendant PHH contacted PLAINTIFF, to inform him about his eligibility for a forbearance agreement due to COVID-19 ("Forbearance Agreement"). PHH informed PLAINTIFF that the Forbearance Agreement was a government relief program temporarily relieving him of mortgage payment obligations with no late fees during forbearance period. PLAINTIFF was promised a loss mitigation review after the forbearance agreement ended to determine a permanent solution like a loan modification. PLAINTIFF accepted the Forbearance Agreement, and subsequently the Forbearance Agreement was automatically extended by PHH every 90 days.

14.     In July 2022, PLAINTIFF contacted PHH to resume his mortgage payments, requesting a repayment plan and sending a $100,000.00 check to cover the mortgage payments that were not made during the Forbearance Agreement. However, Defendant PHH returned PLAINTIFF's $100,000.00 payment and instead steered PLAINTIFF into applying for a permanent loan modification. PHH told PLAINTIFF that a loan modification was a better option for him and provided the necessary paperwork. PLAINTIFF complied and sent all documents requested.

15.     Despite complying and submitting all requested documents, PLAINTIFF began experiencing continuous requests for additional information from Defendants PHH and NEWREZ. Defendants PHH and NEWREZ appeared on various loan modification documents provided to PLAINTIFF during this time period. Both PHH and NEWREZ requested additional information from PLAINTIFF despite him complying and submitting everything again and again.

16.     In or around February 2023, nearly seven (7) months after the start of the loan modification process, PLAINTIFF's application was denied. The reason for denial was an

4

**COMPLAINT**

EXHIBIT 1
PAGE 4 OF 17

1   incomplete package, despite all requested items having been sent by the PLAINTIFF on

2   numerous occasions. Despite PLAINTIFF's attempts to obtain information regarding the alleged

3   incompleteness of his modification application, he did not receive any answers from Defendants

4   PHH or NEWREZ.

5   17.    On April 26, 2023, Defendants PHH and NEWREZ reached out to PLAINTIFF again

6   urging him to apply for a loan modification. PHH sent a new loan modification package to

7   PLAINTIFF along with a letter stating in part: "*PHH Mortgage would like to offer the*

8   *accountholder a special opportunity to apply for a modification and other loss mitigation*

9   *options.*" The loan modification application had 'NEWREZ C/O PHH Mortgage Services' listed

10  on the caption. PLAINTIFF contacted PHH, and was told to complete the application, citing

11  "changes in guidelines." PLAINTIFF complied once again, submitting a comprehensive loan

12  modification package.

13  18.    On or around August 29, 2023, PHH caused defendant WESTERN PROGRESSIVE to

14  record a Notie of Default and Election to Sell Under Deed of Trust ("NOD") on the Subject

15  Property. This NOD was recorded while PLAINTIFF was undergoing active loan modification

16  review with PHH.

17  19.    By September 8, 2023, a Single Point of Contact (SPOC) named Chabungbam Somisingh

18  was assigned to PLAINTIFF's file at PHH.

19  20.    On September 14, 2023, despite remaining under loan modification review for many

20  months, PLAINTIFF received another denial from PHH. According to this letter, PHH denied the

21  loan modification application, due to a prior loan modification of PLAINTIFF's loan.

22  Additionally, the denial letter stated that PLAINTIFF was denied for the Helping Homeowners

23  Modification, due to being 90 days delinquent. The denial further stated that PHH did not

24  evaluate PLAINTIFF for a Repayment Plan. PLAINTIFF was shocked since PHH and NEWREZ

25  knew back in July 2022 regarding any prior loan modification of PLAINTIFF's loan. Moreover,

26  Defendants knew about PLAINTIFF being 90 days delinquent. Yet, PHH rejected his attempt at

27  reinstatement of the loan back in July 2022 and steered him into a loan modification review for a

28  modification that it could not offer to begin with.

5

**COMPLAINT**

EXHIBIT 1
PAGE 5 OF 17

21.     PLAINTIFF immediately contacted his SPOC, Chabungbam Somisingh, requesting a Repayment Plan and offered to bring his account fully current in two (2) lump sum payments to PHH. However, Chabungbam Somisingh advised the PLAINTIFF that a Repayment Plan was not an option for PLAINTIFF without providing any explanation.

22.     In October 2023, PHH once again contacted PLAINTIFF and encouraged him to apply for a loan modification and to "explore loss mitigation options." Desperate, since PHH would not accept his offers bring the loan current in two (2) payments, PLAINTIFF completed the application, hopeful that PHH might now consider allowing him to proceed with a Repayment Plan, a loss mitigation option provided by PHH to homeowners like PLAINTIFF.

23.     On November 1, 2023, PHH and NEWREZ again denied PLAINTIFF for loan modification, citing prior modification of PLAINTIFF's loan. Again, PLAINTIFF was also denied for the Helping Homeowners Modification due to PLAINTIFF being 90 days behind. Additionally, PHH declared in the denial letter that they did not evaluate PLAINTIFF for a Repayment Plan. The denial granted PLAINTIFF the right to appeal PHH's decision within 30 days of November 1, 2023. This letter, which actually came from NEWREZ, advised PLAINTIFF to submit his appeal to PHH Mortgage Services.

24.     PLAINTIFF submitted an appeal to PHH Mortgage Services, and again offered $100,000.00 towards a Repayment Plan. However, on November 11, 2023, and November 28, 2023, PHH sent notices to the PLAINTIFF, indicating that they would no longer evaluate loss mitigation options. These notices again included NEWREZ on the caption.

25.     PHH and NEWREZ subjected PLAINTIFF to an extended two-year review, increasing PLAINTIFF'S late fees, foreclosure fees, and property evaluation fees, thereby creating an insurmountable delinquency. Defendants did not advise PLAINTIFF that a loan modification was not an option due to prior modification of PLAINTIFF's loan. In addition, Defendants failed to explore all viable loss mitigation avenues and openly admitted to not evaluating PLAINTIFF for a Repayment Plan which is also an advertised loss mitigation option. Furthermore, Defendants PHH and NEWREZ, while aware that they could not offer a loan modification, not only rejected PLAINTIFF's $100,000.00 payment but also commenced foreclosure proceedings while

6

EXHIBIT 1
PAGE 6 OF 17

1  PLAINTIFF was still under review for the loan modification.

2  26.   PLAINTIFF is now in active foreclosure with no possible solution to the loan

3  modification or reinstatement of the Subject Loan.

4  **FIRST CAUSE OF ACTION**
**Fraud**
5  (Against NEWREZ, PHH, WELLS FARGO and Does 1-50)

6  27.   PLAINTIFF incorporates all allegations of this Complaint and re-alleges them as though

7  they were fully set forth herein.

8  28.   The conduct of Defendants NEWREZ and PHH, as alleged above, constitutes fraud.

9  29.   Defendants NEWREZ and PHH knowingly and recklessly made false and misleading

10  statements. PLAINTIFF relied on these statements to their detriment and suffered damages as a

11  result.

12  30.   The actions of Defendants NEWREZ and PHH, as indicated above, constitute a

13  misrepresentation of material fact, a concealment of material fact, and/or a false promise.

14  Defendants NEWREZ and PHH by and through its authorized representatives and

15  correspondence misrepresented to PLAINTIFF the availability of loan modification and other loss

16  mitigation options for PLAINTIFF's loan. Defendants NEWREZ and PHH rejected

17  PLAINTIFF's attempts to bring the loan current and steered PLAINTIFF into loan modification

18  review following the Forbearance Agreement only to engineer an insurmountable default that

19  would allow NEWREZ and PHH to foreclose on the Subject Property.

20  31.   In July 2022, PLAINTIFF contacted PHH to resume his mortgage payments, requesting a

21  repayment plan and sending a $100,000.00 check to cover the mortgage payments that were not

22  made during the Forbearance Agreement. However, Defendant PHH returned PLAINTIFF's

23  $100,000.00 payment and instead steered PLAINTIFF into applying for a permanent loan

24  modification. PHH told PLAINTIFF that a loan modification was a better option for him and

25  provided the necessary paperwork. PLAINTIFF complied and sent all documents requested.

26  32.   Despite complying and submitting all requested documents, PLAINTIFF began

27  experiencing continuous requests for additional information from Defendants PHH and

28  NEWREZ. Defendants PHH and NEWREZ appeared on various loan modification documents

7

**COMPLAINT**

EXHIBIT 1
PAGE 7 OF 17

1    provided to PLAINTIFF during this time period. Both PHH and NEWREZ requested additional

2    information from PLAINTIFF despite him complying and submitting everything again and again.

3    33.    In or around February 2023, nearly seven (7) months after the start of the loan

4    modification process, PLAINTIFF's application was denied. The reason for denial was an

5    incomplete package, despite all requested items having been sent by the PLAINTIFF on

6    numerous occasions. Despite PLAINTIFF's attempts to obtain information regarding the alleged

7    incompleteness of his modification application, he did not receive any answers from Defendants

8    PHH or NEWREZ.

9    34.    On April 26, 2023, Defendants PHH and NEWREZ reached out to PLAINTIFF again

10   urging him to apply for a loan modification. PHH sent a new loan modification package to

11   PLAINTIFF along with a letter stating in part: "*PHH Mortgage would like to offer the*

12   *accountholder a special opportunity to apply for a modification and other loss mitigation*

13   *options.*"

14   35.    On September 14, 2023, despite remaining under loan modification review for many

15   months, PLAINTIFF received another denial from PHH. According to this letter, PHH denied the

16   loan modification application, due to a prior loan modification of PLAINTIFF's loan.

17   Additionally, the denial letter stated that PLAINTIFF was denied for the Helping Homeowners

18   Modification, due to being 90 days delinquent. The denial further stated that PHH did not

19   evaluate PLAINTIFF for a Repayment Plan. PLAINTIFF was shocked since PHH and NEWREZ

20   knew back in July 2022 regarding any prior loan modification of PLAINTIFF's loan. Moreover,

21   Defendants knew about PLAINTIFF being 90 days delinquent. Yet, PHH rejected his attempt at

22   reinstatement of the loan back in July 2022 and steered him into a loan modification review for a

23   modification that it could not offer to begin with.

24   36.    Defendants NEWREZ and PHH knew that their statements made in writing and through

25   its various authorized representatives, were misrepresentations. NEWREZ and PHH has led

26   PLAINTIFF through a lengthy process that resulted in an insurmountable default against the

27   Subject Property that was engineered by the fraudulent actions of NEWREZ and PHH.

28   / / /

**COMPLAINT**

EXHIBIT 1
PAGE 8 OF 17

37.     Defendant NEWREZ and PHH continuously strung PLAINTIFF along with the belief his loan would be modified by requesting additional documents and misleading PLAINTIFF to believe that compliance with NEWREZ's and PHH's instructions would result in a permanent loan modification. Moreover, every time that PLAINTIFF offered to pay back any delinquency in two (2) lump sum payments and even sent a check for $100,000.00, NEWREZ and PHH rebuffed the repayment and steered him into the loan modification review instead. Through its action of lulling PLAINTIFF into believing he would receive a loan modification, Defendants NEWREZ and PHH engineered an insurmountable default that NEWREZ and PHH knew PLAINTIFF would be unable to cure.

38.     All of these representations made by Defendant NEWREZ and PHH and its agents were false and were done with the intent to create a situation where PLAINTIFF would be unable to pay any arrearage due to excessive fees, costs and penalties that NEWREZ and PHH would add to the loan. In doing so, NEWREZ and PHH intended to wrongfully take title to PLAINTIFF's property and thereby convert all of PLAINTIFF's equity into profit for NEWREZ, PHH and WELLS FARGO.

39.     PLAINTIFF justifiably relied on the numerous representations of NEWREZ and PHH in person, on the phone, and in its letters, regarding his ability to obtain a loan modification, by filling-out form applications, and by providing NEWREZ and PHH with voluminous financial information that NEWREZ and PHH requested. At all related times, NEWREZ and PHH knew or should have known that PLAINTIFF would justifiably rely on their representations about the availability of loan modification(s) made in writing, in person and on the phone.

40.     PHH and NEWREZ subjected PLAINTIFF to an extended two-year review, increasing PLAINTIFF'S late fees, foreclosure fees, and property evaluation fees, thereby creating an insurmountable delinquency. Defendants did not advise PLAINTIFF that a loan modification was not an option due to prior modification of PLAINTIFF's loan. In addition, Defendants failed to explore all viable loss mitigation avenues and openly admitted to not evaluating PLAINTIFF for a Repayment Plan which is also an advertised loss mitigation option. Furthermore, Defendants PHH and NEWREZ, while aware that they could not offer a loan modification, not only rejected

9

EXHIBIT 1
PAGE 9 OF 17

1   PLAINTIFF's $100,000.00 payment but also commenced foreclosure proceedings while

2   PLAINTIFF was still under review for the loan modification.

3   41.   PLAINTIFF was damaged due to this reliance.

4   42.   As a result of PLAINTIFF's reliance, PLAINTIFF is entitled to actual damages including,

5   but not limited to, loss of money and property including but not limited to losses through

6   overcharges and late fees, incurred attorneys' fees and costs to save his home, a loss of reputation

7   and goodwill, destruction of credit, and severe emotional distress, according to proof at trial but

8   within the jurisdiction of this Court.

9   43.   Defendant WELLS FARGO aided and abetted Defendants NEWREZ and PHH by

10   encouraging and incentivizing the fraudulent conduct of NEWREZ and PHH.

11   44.   For these reasons, Defendant is guilty of malice, fraud and/or oppression, as defined in

12   California Civil Code § 3294. Defendant's actions were malicious and willful, in conscious

13   disregard of the rights and safety of PLAINTIFF and calculated to injure PLAINTIFF.

14   Accordingly, PLAINTIFF is entitled to recover punitive damages from Defendants pursuant to

15   California Civil Code § 3294, in an amount according to proof.

16                    **SECOND CAUSE OF ACTION**
                      **Negligent Misrepresentation**
17                  (Against NEWREZ, PHH and Does 1-50)

18   45.   PLAINTIFF incorporates all allegations of this Complaint and re-alleges them as though

19   they were fully set forth herein.

20   46.   Defendants NEWREZ and PHH owed a duty to PLAINTIFF to not make material

21   misrepresentations.

22   47.   As indicated above and herein, Defendants made certain representations to PLAINTIFF

23   (either intentionally or negligently) and asserted them to be true.

24   48.   NEWREZ'S and PHH'S assertions were not true.

25   49.   Defendants had no reasonable grounds for believing the representations to be true when

26   they made them. Instead, all along NEWREZ and PHH intended to deny PLAINTIFF's loan

27   modification and strung him along in order to inflate the default created on PLAINTIFF's loan.

28   50.   Defendants knew that they could not provide a loan modification to PLAINTIFF due to

10

**COMPLAINT**

EXHIBIT 1
PAGE 10 OF 17

1    prior modification of the loan. However, Defendants did not advise PLAINTIFF that a loan

2    modification was not an option due to prior modification of PLAINTIFF's loan. On the contrary,

3    Defendants told PLAINTIFF that loan modification was his best option and steered PLAINTIFF

4    into loan modification review after rejecting his offer to repay the delinquency in two (2) lump

5    sum payments. In addition, Defendants failed to explore all viable loss mitigation avenues and

6    openly admitted to not evaluating PLAINTIFF for a Repayment Plan which is also an advertised

7    loss mitigation option. Furthermore, Defendants PHH and NEWREZ, while aware that they could

8    not offer a loan modification, not only rejected PLAINTIFF's $100,000.00 payment but also

9    commenced foreclosure proceedings while PLAINTIFF was still under review for the loan

10   modification.

11   51.    Defendants intended that PLAINTIFF rely upon their representations, as both Defendants

12   NEWREZ and PHH sent PLAINTIFF correspondence and other documentation regarding the

13   loan modification review. Even after PLAINTIFF's application was denied in February 2023,

14   purportedly due to an incomplete package, Defendant NEWREZ and PHH again urged

15   PLAINTIFF to reapply for loan modification on April 26, 2023.

16   52.    PLAINTIFF's reliance on Defendants' representations was a substantial factor in causing

17   him harm. PLAINTIFF justifiably relied on the numerous representations of NEWREZ and PHH

18   in person, on the phone, and in their letters, by continuing with the loan modification process and

19   continuing to wait on answers from NEWREZ and PHH regarding final approval and further

20   documents that were needed. At all related times, NEWREZ and PHH knew or should have

21   known that PLAINTIFF would justifiably rely on their representations about the status of his loan

22   and the loan modification made in writing, in person and on the phone.

23   53.    PLAINTIFF has been damaged as a result of Defendants' misrepresentations, as indicated

24   herein.  As a result of PLAINTIFF's reliance, PLAINTIFF suffered damages including but not

25   limited to, loss of money and property including but not limited to losses through overcharges and

26   late fees, incurred attorneys' fees and costs to save his home, a loss of reputation and goodwill,

27   destruction of credit and severe emotional distress, according to proof at trial but within the

28   jurisdiction of this Court.

**COMPLAINT**

EXHIBIT 1
PAGE 11 OF 17

### THIRD CAUSE OF ACTION
**Promissory Estoppel**
(Against NEWREZ, PHH and Does 1-50)

54.     PLAINTIFF incorporates all allegations of this Complaint and re-alleges them as though they were fully set forth herein.

55.     As indicated above, Defendants NEWREZ and PHH, through various authorized representatives made certain promises to PLAINTIFF regarding the Forbearance Agreement and the subsequent modification of PLAINTIFF's loan. Defendants NEWREZ and PHH made certain promises regarding the availability of loan modification as they told PLAINTIFF it was his best option.

56.     Thereafter, during the review process, NEWREZ and PHH made certain promises to PLAINTIFF that if he provided additional documents and information to NEWREZ, his application would be reviewed for permanent loan modification. In addition, NEWREZ and PHH made promises that PLAINTIFF's account was under review while they were proceeding with initiating foreclosure on PLAINTIFF's property.

57.     In July 2022, PLAINTIFF contacted PHH to resume his mortgage payments, requesting a repayment plan and sending a $100,000.00 check to cover the mortgage payments that were not made during the Forbearance Agreement. However, Defendant PHH returned PLAINTIFF's $100,000.00 payment and instead steered PLAINTIFF into applying for a permanent loan modification. PHH told PLAINTIFF that a loan modification was a better option for him and provided the necessary paperwork.

58.     Despite complying and submitting all requested documents, PLAINTIFF began experiencing continuous requests for additional information from Defendants PHH and NEWREZ for the purported loan modification. And despite several denials, Defendants continually advised PLAINTIFF to apply again specifically citing to "changes in guidelines."

59.     On April 26, 2023, Defendants PHH and NEWREZ reached out to PLAINTIFF again urging him to apply for a loan modification again. PHH sent a new loan modification package to PLAINTIFF along with a letter stating in part: "*PHH Mortgage would like to offer the accountholder a special opportunity to apply for a modification and other loss mitigation*

12

EXHIBIT 1
PAGE 12 OF 17

*options.*"

60.     In October 2023, PHH once again contacted PLAINTIFF and encouraged him to apply for a loan modification and to "explore loss mitigation options."

61.     Such promises were reasonably expected by Defendants to induce action or forbearance by PLAINTIFF.

62.     PLAINTIFF relied on Defendants' promises by agreeing to continue with the loan modification review as instructed by NEWREZ and PHH and by continually providing Defendants with voluminous financial information and other documentation. In spite of this fact, PLAINTIFF never received his loan modification. In fact, Defendants did not advise PLAINTIFF that a loan modification was not an option at all due to prior modification of PLAINTIFF's loan.

63.     PHH and NEWREZ subjected PLAINTIFF to an extended two-year review, increasing PLAINTIFF'S late fees, foreclosure fees, and property evaluation fees, thereby creating an insurmountable delinquency.

64.     As a result of Defendant's actions, PLAINTIFF suffered damages including substantial arrears and fees that accrued due to Defendants wrongfully failing to offer the permanent modification.

### FOURTH CAUSE OF ACTION
**Wrongful Foreclosure**
(Against All Defendants and Does 1-50)

65.     PLAINTIFF incorporates all allegations of this Complaint and re-alleges them as though they were fully set forth herein.

66.     Defendants' conduct, as alleged above, constitutes acts or practices of a wrongful foreclosure.

67.     The entire course of action of Defendants NEWREZ and PHH was designed to orchestrate an insurmountable default. It was NEWREZ and PHH who instructed PLAINTIFF to enter into the Forbearance Agreement and subsequently the loss mitigation review for permanent loan modification. When PLAINTIFF sent his check for $100,000.00 and offered to bring the loan current via two (2) payments, NEWREZ and PHH rejected his efforts and advised him that loan

13

**COMPLAINT**

EXHIBIT 1
PAGE 13 OF 17

1   modification was his best option. Defendants then steered PLAINTIFF into the loan modification

2   review for a loan modification that was non-existent.

3   68.    PHH and NEWREZ subjected PLAINTIFF to an extended two-year review, increasing

4   PLAINTIFF'S late fees, foreclosure fees, and property evaluation fees, thereby creating an

5   insurmountable delinquency. They also interfered with PLAINTIFF's attempts to repay the

6   delinquency when they rejected his $100,000.00 and offer to repay the delinquency in two (2)

7   payments.

8   69.    On April 26, 2023, Defendants PHH and NEWREZ reached out to PLAINTIFF again

9   urging him to apply for a loan modification. PHH sent a new loan modification package to

10  PLAINTIFF along with a letter stating in part: "PHH Mortgage would like to offer the

11  accountholder a special opportunity to apply for a modification and other loss mitigation

12  options."  The loan modification application had 'NEWREZ C/O PHH Mortgage Services' listed

13  on the caption. PLAINTIFF contacted PHH, and was told to complete the application, citing

14  "changes in guidelines." PLAINTIFF complied once again, submitting a comprehensive loan

15  modification package.

16  70.    On or around August 29, 2023, PHH caused Defendant WESTERN PROGRESSIVE to

17  record a Notice of Default and Election to Sell ("NOD") on the Subject Property. This NOD was

18  recorded while PLAINTIFF was undergoing active loan modification review with PHH.

19  71.    Defendant WELLS FARGO'S conduct, as alleged above, constitutes acts or practices of a

20  wrongful foreclosure.

21  72.    Defendant WELLS FARGO aided and abetted Defendant NEWREZ by encouraging and

22  incentivizing the fraudulent conduct of NEWREZ and PHH.

23  73.    As a proximate result of this conduct, PLAINTIFF has suffered, and will continue to

24  suffer, substantial and irreparable injury which entitles PLAINTIFF to an award of damages in an

25  amount to be established at trial as well as attorney's fees.

26  74.    PLAINTIFF is entitled to actual damages including, but not limited to, loss of money and

27  property including but not limited to losses through overcharges, incurred attorneys' fees and

28  costs to save his home, a loss of reputation and goodwill, destruction of credit, and severe

14

**COMPLAINT**

EXHIBIT 1
PAGE 14 OF 17

1    emotional distress, according to proof at trial but within the jurisdiction of this Court.

2    75.      For these reasons, Defendants are guilty of malice, fraud and/or oppression, as defined in

3    California Civil Code § 3294. Defendants' actions were malicious and willful, in conscious

4    disregard of the rights and safety of PLAINTIFF and calculated to injure PLAINTIFF.

5    Accordingly, PLAINTIFF is entitled to recover punitive damages from Defendants pursuant to

6    California Civil Code § 3294, in an amount according to proof.

7                              **FIFTH CAUSE OF ACTION**
     **Violations of the Business and Professions Code Section 17200 et seq.**
8                          (Against all Defendants and Does 1-50)

9    76.      PLAINTIFF incorporates all allegations of this Complaint and re-alleges them as though

10   they were fully set forth herein.

11   77.      Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent

12   business practices, as defined in the California Business and Professions Code § 17200 *et seq.* As

13   applied, § 17200 *et seq.,* borrows violations from other statutes and laws.

14   78.      As indicated herein in PLAINTIFF'S Causes of Action for Fraud, Negligent

15   Misrepresentation, and Wrongful Foreclosure, the actions of Defendants constitute unlawful,

16   unfair and/or fraudulent business practices, as defined in the California Business and Professions

17   Code § 17200 *et seq.*

18   79.      Defendants are in the routine practice of fraudulently and/or negligently servicing home

19   mortgage loans without informing homeowners of the potential negative consequences connected

20   with the loan modification process.

21   80.      In addition, Defendants' business practices fail to provide adequate information relating to

22   the status of loan modifications and accrual of arrears. Specifically, in this matter, Defendants

23   PHH and NEWREZ failed to tell PLAINTIFF at the start of the loan modification review process

24   in July 2022, that a loan modification was not an available option for his loan.

25   81.      Homeowners are left in a position of constantly having to contact Defendants for any

26   information relating to their loan modification review. When homeowners do receive updates, the

27   information provided is often incomplete or misleading.

28   / / /

                                              15

                                         **COMPLAINT**

EXHIBIT 1
PAGE 15 OF 17

82.     PLAINTIFF alleges on information and belief that Defendants, NEWREZ, PHH and WELLS FARGO in so acting in this case and with respect to numerous other mortgages or Deed of Trust security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure and eviction procedures of California to foreclose on properties when they do not have the right to do so.

83.     Defendant WELLS FARGO aided and abetted Defendants NEWREZ and PHH by encouraging and incentivizing the fraudulent conduct of NEWREZ and PHH.

84.     In furtherance of Defendants' common plan and scheme, as alleged, including but not limited to false representations regarding loan modification review, approval, deadlines and other promises, Defendants, and each of them, committed an unlawful, unfair, deceptive or fraudulent business practice.

85.     As a result of Defendants' wrongful conduct, PLAINTIFF has suffered various damages including but not limited to losses through overcharges, incurred attorneys' fees and costs to save his home, a loss of reputation and goodwill, destruction of credit, severe emotional distress and depression, according to proof at trial but within the jurisdiction of this Court.

86.     PLAINTIFF seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

87.     PLAINTIFF further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFF JEFFREY L. VARNELL demands a trial by jury.

PLAINTIFF prays for judgment and order against Defendants, as follows:

1.  That judgment is entered in PLAINTIFF's favor and against Defendants, and each of them;

2.  For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3.  For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from causing PLAINTIFF's Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;

16

COMPLAINT

EXHIBIT 1
PAGE 16 OF 17

4.  For an order stating that Defendants engaged in unfair business practices;

5.  For damages, disgorgement, and injunctive relief;

6.  For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

7.  For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

8.  For such other and further relief as the Court may deem just and proper.

DATED: January 17, 2024                          Respectfully submitted,

                                                 YURTSAN LAW FIRM PC

                                                 Andrey R. Yurtsan, Esq.,
                                                 Attorney for PLAINTIFF
                                                 JEFFREY L. VARNELL

17

**COMPLAINT**

EXHIBIT 1
PAGE 17 OF 17

# EXHIBIT 2

DocuSign Envelope ID: 01AC1AEC-06EB-47A8-9848-0DA07E10E332

1   Robert W. Norman, Jr. (SBN 232470)
    Darlene Morris (SBN 340727)
2   HOUSER LLP
    9970 Research Drive
3   Irvine, California 92618
    Telephone: (949) 679-1111
4   Facsimile: (949) 679-1112
    E-Mail: dmorris@houser-law.com
5

6   Attorneys for Defendants,
    PHH Mortgage Corporation; NewRez LLC; Wells Fargo Bank, National Association as Trustee
7   for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2; and
    Western Progressive, LLC
8

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON  2/27/2024
By  /s/ Una Finau
Deputy Clerk

9                **SUPERIOR COURT OF CALIFORNIA**

10                  **COUNTY OF SAN MATEO**

11   JEFFREY L. VARNELL, an individual,          Case No.: 24-CIV-00284

12              Plaintiff,                        Judge: Hon. Susan Greenberg
13                                                Dept.: 3
            v.
14                                                **DECLARATION OF NON-MONETARY**
15   NEWREZ LLC, a business entity; PHH           **STATUS OF DEFENDANT WESTERN**
     MORTGAGE CORPORATION, a business             **PROGRESSIVE, LLC PURSUANT TO**
16   entity; WELLS FARGO BANK, NATIONAL           **CALIFORNIA CIVIL CODE SECTION**
     ASSOCIATION AS TRUSTEE FOR                   **2924l**
17   OPTION ONE MORTGAGE LOAN TRUST
     2006-2, ASSET-BACKED CERTIFICATES,
18   SERIES 2006-2, BY PHH MORTGAGE
     CORPORATION ITS ATTORNEY IN-
19   FACT, a business entity; WESTERN
     PROGRESSIVE, LLC, a business entity; and
20   DOES 1-50, inclusive.
21
                Defendants.
22

23

24        **TO THE HONORABLE COURT, ALL PARTIES HEREIN AND/OR THEIR**

25   **ATTORNEYS OF RECORD AND TO ALL INTERESTED PARTIES:**

26        NOTICE IS HEREBY GIVEN THAT Defendant Western Progressive Trustee, LLC d/b/a

27   Western Progressive, LLC  ("Western Progressive") hereby submits the attached Declaration of

28   Non-Monetary Status pursuant to California Civil Code section 2924l.

---
                                    1
                  DECLARATION OF NON-MONETARY STATUS

                                                              **EXHIBIT 2**
                                                              **PAGE 1 OF 5**

DocuSign Envelope ID: 01AC1AEC-06EB-47A8-9848-0DA07E10E332

1.    Cal. Civ. Code section 2924l provides in the pertinent part that:

> [I]n the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee then at any time, the trustee may file a declaration of nonmonetary status.

2.    Western Progressive is the trustee under the Deed of Trust, which is the subject of the instant action, against the real property commonly known as 3747 Hamilton Way, Redwood City, CA 94062 (the "Property").  Said Deed of Trust was recorded on December 30, 2005, as document no. 2005-227129, in the San Mateo County Recorder's Office.

3.    Western Progressive believes that it has been named in the above-entitled action solely in its capacity as the trustee under the Deed of Trust.  Such belief is based upon the pleadings on file and operative complaint, which fail to specifically enumerate any act or acts by Western Progressive that would imply any liability on its part. *See* attached Declaration.

4.    Western Progressive agrees to be bound by whatever non-monetary order or judgment is issued by the Court regarding the Deed of Trust.

Dated: February 27, 2024

**HOUSER LLP**

_____
Robert W. Norman
Darlene M. Morris
Attorneys for Defendants,
PHH Mortgage Corporation; NewRez LLC;
Wells Fargo Bank, National Association as
Trustee for Option One Mortgage Loan
Trust 2006-2, Asset-Backed Certificates,
Series 2006-2; and Western Progressive,
LLC

2
DECLARATION OF NON-MONETARY STATUS

**EXHIBIT 2
PAGE 2 OF 5**

DocuSign Envelope ID: 01AC1AEC-06EB-47A8-9848-0DA07E10E332

**DECLARATION OF KENNETH LAVINE**

I, Kenneth Lavine, declare as follows:

1.      I am over 18 years of age, suffer from no legal disabilities and am otherwise competent to make this declaration.  The matters set forth herein are true based upon my personal knowledge and, if called to testify in this matter, I could and would competently testify under oath to the facts and circumstances stated herein.

2.      I am duly authorized to make this Declaration on behalf of Western Progressive Trustee, LLC d/b/a Western Progressive, LLC ("Western Progressive") pursuant to California Civil Code section 2924l in support of Western Progressive's Nonmonetary Status.

3.      By written instrument recorded August 29, 2023, the beneficiary under the Deed of Trust substituted Western Progressive as the trustee under the Deed of Trust. The Deed of Trust was executed by Jeffrey L. Varnell on December 23, 2005 in favor of Option One Mortgage Corporation, and recorded in the San Mateo County Recorder's Office on December 30, 2005 as document number 2005-227129. The Substitution of Trustee was recorded on August 29, 2023 as document number 2023-041711, in the San Mateo County Recorder's Office.  The Deed of Trust created a first priority security interest with power of sale against the real property described therein and commonly known as 3747 Hamilton Way, Redwood City, CA 94062. (the "Property").  Western Progressive is the foreclosure trustee ("Trustee"), with the power to foreclose on the property that arises from the Deed of Trust securing the subject loan.

4.      I have reviewed the claims alleged in Plaintiff's Complaint filed on or about January 17, 2024.  Based thereon, Western Progressive maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as Trustee under said Deed of Trust and that Plaintiff does not assert any claims for monetary relief against Western Progressive.

5.      Western Progressive reasonably believes that it has not been named as a defendant in the above-captioned action due to any acts or omissions on its part in the performance of its duties as Trustee because the facts alleged in the Complaint relate primarily to the servicing of the subject loan to which Western Progressive is not a party. I am not aware of any allegations or

EXHIBIT 2
PAGE 3 OF 5

DocuSign Envelope ID: 01AC1AEC-06EB-47A8-9848-0DA07E10E332

1  evidence produced to date by Plaintiff or the other named Defendants, or of any facts, documents

2  or testimony tending to suggest that Western Progressive engaged in any misconduct in connection

3  with the performance of its duties as Trustee.  The Complaint makes no credible allegations that

4  Western Progressive failed to perform any of its duties as a Trustee, nor have the remaining

5  Defendants filed a Cross-Complaint against Western Progressive alleging any defect in the

6  performance of its duties as Trustee, either under the Deed of Trust, or the applicable statutes set

7  forth in Civil Code section 2924, *et seq*.

8        6.    Western Progressive agrees to be bound by any non-monetary order or judgment

9  that may be issued by the Court regarding the Deed of Trust.

10        I declare under penalty of perjury under the laws of the State of California and the United

11  States that the foregoing is true and correct and that this declaration was executed this 27 day of

12  February, 2024 at Fairfax, Virginia.

13

14  _____ *kenneth lavine*

15  Kenneth Lavine

16  Assistant Vice President

17

18

19

20

21

22

23

24

25

26

27

28

4
DECLARATION OF NON-MONETARY STATUS

EXHIBIT 2
PAGE 4 OF 5

DocuSign Envelope ID: 01AC1AEC-06EB-47A8-9848-0DA07E10E332

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On February 27, 2024 I served the following document(s) described as follows:

**DECLARATION OF NON-MONETARY STATUS OF DEFENDANT WESTERN PROGRESSIVE, LLC PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2924l**

On the following interested parties in this action:

YURTSAN LAW FIRM PC
Andrey R. Yurtsan (SBN 294760)
3017 Douglas Blvd Ste 105
Roseville, CA 95661
T: (916) 500-7246
E: ayurtsan@capitolcitylegalgroup.com
Attorney for Plaintiff, Jeffrey L. Varnell

☒    FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2024 at Irvine, California.

Courtney Hershey

5
DECLARATION OF NON-MONETARY STATUS

EXHIBIT 2
PAGE 5 OF 5